UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON O. GRIFFITH,<br><br>Petitioner,<br><br>v.<br><br>JEREMY BEAN, et al.,<br><br>Respondents. | Case No. 2:23-cv-00853-RFB-BNW<br><br>**ORDER** |

Petitioner Jason O. Griffith filed an amended 28 U.S.C. § 2254 habeas corpus petition in October 2023. ECF No. 8. He has now filed a motion for appointment of counsel. ECF No. 27. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980). Here, while Griffith points out that he is not trained in the law, he sets forth his claims in the amended petition clearly and coherently. It does not appear that the legal issues are particularly complex. Notably, Griffith's opposition to respondents' motion to dismiss shows that he understands and is able to respond to the

arguments respondents raised.[1] The Court concludes that the appointment of counsel is not warranted and denies the motion.

Next, respondents have moved for leave to file an exhibit—Griffith's presentence investigation report (PSI)—in camera and under seal. ECF No. 17. While there is a presumption favoring public access to judicial filings and documents, see Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. Id. at 1179 (citing Nixon, 435 U.S. at 598). Here, respondents ask to file Griffith's PSI in camera and under seal because it is confidential under state law and contains sensitive information. ECF No. 17. The Court has reviewed the PSI and concludes that respondents have demonstrated compelling reasons to file the PSI under seal. However, the PSI does not appear to include information that is so sensitive that it would pose a security threat to petitioner if he had a copy of the PSI in his cell. Respondents note that the PSI may be necessary to address at least one ground in the petition. Thus, petitioner may need access to the PSI. Accordingly, the motion is granted in part, and the PSI will remain under seal.

Finally, respondents ask the Court for an extension of time to file a reply in support of their motion to dismiss. ECF No. 28. The Court finds that good cause appears to grant an extension; however, it does not find good cause to grant the long extension that respondents seek. The Court will grant an extension of time until February 3, 2025.

---

[1] The Court expresses no views on the merit of the arguments set forth in the motion to dismiss or the opposition at this time.

1   **IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel **(ECF No. 27) is DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion for leave to file exhibit in camera and under seal **(ECF No. 17) is GRANTED** in part and DENIED in part. The exhibit will remain under seal.

**IT IS FURTHER ORDERED** that respondents' motion for extension of time to file a reply in support of their motion to dismiss **(ECF No. 28) is GRANTED** in part and denied in part nunc pro tunc. **The deadline to reply is extended to February 3, 2025**.

**DATED:** January 8, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 3 -