**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON O. GRIFFITH, | Case No.: 2:23-cv-00853-RFB-BNW |
| Petitioner | **ORDER** |
| v. | |
| BRIAN WILLIAMS, | |
| Respondent. | |

Pro se 28 U.S.C. § 2254 habeas corpus petitioner Jason O. Griffith challenges his conviction of second-degree murder. ECF No. 8. He brings numerous claims including trial court error, ineffective assistance of trial and appellate counsel, and prosecutorial misconduct. Respondents move to dismiss the petition on the basis that it is untimely and/or because several grounds are unexhausted. ECF No. 11. The Court dismisses several claims as time barred and concludes that several other claims are unexhausted.

**I.     BACKGROUND**

In May 2014, in Eighth Judicial District Court (Clark County), Nevada, a jury convicted Griffith of second-degree murder. Exh. 107.[1] Griffith had been in a volatile relationship with

---
[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 11, and are found at ECF Nos. 12-16, 18, 19.

Debra Flores-Navarez, and a violent final incident resulted in her death. See ECF No. 11. The state district court sentenced Griffith to 10 years to life in prison. Exh. 112. Judgment of conviction was entered on August 4, 2014. Exh. 114. The Nevada Supreme Court affirmed his conviction in August 2016. Case No. 66312. The Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition in April 2023. Exh. 218.

Griffith dispatched his federal habeas corpus petition for mailing about May 25, 2025. ECF No. 3-1. He ultimately filed an amended petition raising 16 grounds:

> Ground 1: Appellate counsel was ineffective for failing to constitutionalize grounds IV and VI in his direct appeal amended opening brief.
>
> Ground 2: The district court abused its discretion by denying:
>
> A. Griffith's motion to suppress; and
>
> B. Griffith's motion in limine.
>
> Ground 3: The district attorney committed prosecutorial misconduct by:
>
> A. stating that Flores-Navarez was pregnant and had an abortion when they knew she was never pregnant; and
>
> B. misleading the jury into believing Flores-Navarez was not violent against Griffith.
>
> Ground 4: Appellate counsel was ineffective for failing to raise claims of prosecutorial misconduct because:
>
> A. the prosecution knew Flores-Navarez abused previous boyfriends;
>
> B. the prosecution knew Flores-Navarez was not pregnant and did not have an abortion; and
>
> C. the prosecution knew Griffith's theory was self-defense from the onset of the case.

Ground 5: Appellate counsel was ineffective for failing to appeal the denial of the motion for reconstruction of the record and/or the district court abused its discretion by denying Griffith's motion for reconstruction.

Ground 6: Appellate counsel was ineffective for failing or refusing to effectively argue the difference between stalking and aggravated stalking:

A. counsel failed to differentiate between stalking and aggravated stalking;

B. counsel allowed the prosecution to build upon the false narrative that Flores-Navarez did not stalk Griffith; and

C. counsel failed to argue that the trial court erred by not admitting Flores-Navarez's emails.

Ground 7: Trial counsel was ineffective for failing to appeal the denial of:

A. the motion for bail; and

B. the motion to suppress.

Ground 8: Trial counsel was ineffective for failing to discuss juror questions with Griffith and for failing to place the juror questions on the record.

Ground 9: The cumulative effect of counsel's errors violated Griffith's constitutional rights.

Ground 10: Trial counsel was ineffective for failing to discuss juror questions with Griffith and for failing to request a hearing regarding the juror questions.

Ground 11: The district court erred by denying Griffith's motion to suppress his statement to police.

Ground 12: The district court violated Griffith's constitutional rights by forcing him to testify.

Ground 13: The district court erred during the evidentiary hearing by:

A. not admitting Flores-Navarez's violent history during the motion for bail hearing;

    B. denying the motion to admit evidence that Flores-Navarez was the initial aggressor; and

    C. admitting evidence that Flores-Navarez was pregnant.

Ground 14: The prosecution committed misconduct by:

    A. misleading the jury into believing Flores-Navarez was not violent toward Griffith;

    B. calling Griffith a liar;

    C. claiming Griffith lacked empathy;

    D. vouching for Louis Colombo's testimony; and

    E. arguing facts not in evidence.

Ground 15: The district court erred when it did not allow Griffith to offer additional instructions to clarify the jury's confusion.

Ground 16: The cumulative effect of errors violated Griffith's constitutional rights.

ECF No. 8.

Respondents now move to dismiss several grounds in the petition as untimely; alternatively, they argue that several grounds are unexhausted. ECF No. 11.[2]

## II. LEGAL STANDARDS & ANALYSIS

### a. Timeliness – AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year

---

[2] Griffith opposed, and respondents replied. ECF Nos. 23, 30.

4

time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). "[T]he process of direct review . . . includes the right to petition [the United States Supreme Court] for a writ of certiorari." Barefoot v. Estelle, 463 U.S. 880, 887 (1983). The one-year period of limitations begins to run when the Supreme Court affirms a conviction on the merits, denies a petition for a writ of certiorari, or the 90 days expires. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009). Where a defendant fails to seek direct review of the judgment of conviction before the Nevada Supreme Court or the Nevada Court of Appeals, the one-year period of limitations begins to run 30 days after the entry of the judgment of conviction. See Nev. R. App. P. 4(b)(1)(A); Gonzalez v. Thaler, 565 U.S. 134, 149-50, (2012).

The period is not tolled until an "application for State post-conviction or other collateral review" is properly filed with the state court clerk and the period continues to toll while the application remains "pending." See 28 U.S.C. § 2244(d)(2); Orpiada v. McDaniel, 750 F.3d 1086, 1087 (9th Cir. 2014). The prison mailbox rule does not apply to that application for collateral review. Orpiada, 750 F.3d at 1087. If an application for collateral review tolls the one-year period of limitations, the application remains pending "until the application has achieved final resolution through the State's post-conviction procedures." Carey v. Saffold, 536 U.S. 214, 220 (2002). "[A] pro se petitioner's [federal habeas] petition is deemed constructively filed at the moment it is delivered to prison officials to be forwarded to the court clerk." Patterson v. Stewart, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001). "[Section] 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition." Duncan, 533 U.S. at 181.

### b. Relation Back

A new claim in an amended petition that is filed after the expiration of the AEDPA limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. Mayle v. Felix, 545 U.S. 644 (2005).

In Mayle, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64. Rather, under the construction of the rule approved in Mayle, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. The reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; Ha Van Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013).

#### 1. Several Grounds Do Not Relate Back

Here, the Nevada Supreme Court affirmed Griffith's conviction and denied rehearing on November 23, 2016, so the 90 days to file a petition for certiorari with the U.S. Supreme Court began to run on that day. Exh. 154. The 90-day period expired on February 21, 2017, and the AEDPA one-year limitations period thus began to run on that date. Griffith filed his state postconviction habeas petition 329 days later on January 16, 2018. Exh. 164. The Nevada

Supreme Court affirmed the denial of the petition and remittitur issued on May 1, 2023. Exh. 219.

Griffith dispatched his original federal petition for mailing on May 25, 2023. See ECF 1-1 at 151. The AEDPA statute of limitations then expired on June 6, 2023. The Court dismissed the original petition because it was not on the Court-required form, and it did not substantially follow the form. ECF No. 6. Further, the filing was almost 150 barely legible handwritten pages. The Court was unable to discern what claims Griffith sought to raise. So the petition was dismissed with leave to amend. Griffith filed an amended petition on October 3, 2023. ECF No. 8. Respondents argue that grounds 11 through 16 do not relate back to a timely-filed petition. ECF No. 11 at 5-8. Griffith argues that all of these grounds relate back to claims he raised on direct appeal. ECF No. 23 at 15-20. He is correct that he raised the claims on direct appeal. Exh. 137. But the direct appeal provides no basis for relation back here. He must have raised the claims in a _timely_ _filed_ _federal_ _petition_ (Court's emphasis). Fed. R. Civ. P. 15(c)(1); See Ross v. Williams, 950 F.3d 1160, 1165-66 (9th Cir. 2020). Accordingly, because grounds 11-16 do not relate back to a timely federal petition, the Court dismisses the grounds as untimely.

### 2. Ground 2(a) Is Duplicative of Ground 11

Both ground 2(a) and ground 11 assert the claim that the district court erred by denying Griffith's motion to suppress his statement to police. ECF No. 8. Ground 2(a) is therefore dismissed as duplicative of 11 and untimely.

### c. Exhaustion/Cognizability

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. O'Sullivan v.

7

Boerckel, 526 U.S. 838, 844 (1999); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. See Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004); Garrison v. McCarthey, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." Picard v. Connor, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. Ybarra v. Sumner, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing Picard, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995); see Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. Bland v. California Dept. Of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement

8

is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. See Nevius v. Sumner, 852 F.2d 463, 470 (9th Cir. 1988); Pappageorge v. Sumner, 688 F.2d 1294, 1295 (9th Cir. 1982); Johnstone v. Wolff, 582 F. Supp. 455, 458 (D. Nev. 1984).

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Alleged errors in the interpretation or application of state law do not warrant habeas relief. Hubbart v. Knapp, 379 F.3d 773, 779-80 (9th Cir. 2004); see also Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990) ("noting that [the federal court] ha[s] no authority to review a state's application of its own laws").

### 1. Ground 9

Respondents ask the Court to dismiss ground 9, Griffith's claim that the cumulative effect of ineffective assistance of counsel violated his constitutional rights. ECF No. 8. They argue that it is unexhausted and noncognizable. Griffith presented a claim of cumulative error of counsel in his appeal of the denial of his state postconviction petition. Exh. 207 at 41-42. The Ninth Circuit Court of Appeals has held that "the combined effect of multiple trial errors may give rise to a due process violation if it renders a trial fundamentally unfair, even where each error considered individually would not require reversal. Parle v. Runnels, 505 F.3d 922, 928 (2007) quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 1974); Chambers v. Mississippi, 410 U.S. 289, 290 n. 3, 298, 302–03 (1973). See also Killian v. Poole, 282 F.3d 1204, 1211 (9th Cir. 2002). Thus, a cumulative error claim may implicate due process, and therefore, the Court declines to dismiss the claim of cumulative error as noncognizable. Respondents also argue that Griffith never presented a cumulative error claim encompassing all the legal and factual allegations

raised in his federal petition to the Nevada appellate courts. (ECF No. 11 at 11.) A cumulative error claim may be exhausted to the extent that the underlying individual claims of error are exhausted. The Court declines to dismiss ground 9 at this stage of the litigation.

### 2. Several Claims of Ineffective Assistance Are Unexhausted

Respondents argue that four claims of ineffective assistance of appellate counsel and one claim that trial counsel was ineffective are unexhausted. ECF No. 11 at 10-11. Griffith did not raise the following claims in his appeal of the denial of his state postconviction petition:

Appellate counsel was ineffective for:

Ground 1: failing to constitutionalize grounds IV and VI in his direct appeal amended opening brief.

Ground 4: failing to raise claims of prosecutorial misconduct because: (a) the prosecution knew Flores-Navarez abused previous boyfriends; (b) the prosecution knew Flores-Navarez was not pregnant and did not have an abortion; and (c) the prosecution knew Griffith's theory was self-defense from the onset of the case.

Ground 5: failing to appeal the denial of the motion for reconstruction of the record and/or the district court abused its discretion by denying Griffith's motion for reconstruction.

Ground 6: failing or refusing to effectively argue the difference between stalking and aggravated stalking: (a) counsel failed to differentiate between stalking and aggravated stalking; (b) counsel allowed the prosecution to build upon the false narrative that Flores-Navarez did not stalk Griffith; and (c) counsel failed to argue that the trial court erred by not admitting Flores-Navarez's emails. See Exh. 207.

Griffith argues that the claims are exhausted because he presented them on appeal of his state petition. ECF No. 23 at 39-42. As the Court described above, this is not accurate. He also

argues that they are exhausted because he presented them in a timely federal petition. But a petitioner must exhaust his claims by presenting them to the highest state court; the original federal petition does not serve to exhaust claims. See 28 U.S.C. § 2254(b)(1)(A). Grounds 1, 4, 5, and 6 are unexhausted.

In ground 7 Griffith asserts that trial counsel was ineffective for failing to appeal the denial of: (a) the motion for bail; and (b) the motion to suppress. While Griffith insists that he raised the claim on appeal of the denial of his state postconviction petition, he did not. See Exh. 207. And presenting the claim in a timely federal petition does not exhaust the claim. So ground 7 is unexhausted.

### 2. The Court Declines to Dismiss Ground 2(b)

Respondents argue that ground 2(b) – the claim that the district court erred by denying his motion in limine in violation of his Fourteenth Amendment due process rights – is not cognizable in federal habeas corpus because trial court evidentiary rulings are purely a matter of state law. ECF No. 11 at 12; see also Perry v. Rushen, 713 F.3d 1447, 1450 (9th Cir. 1983). While respondents are correct as a general matter, the Court defers a decision regarding whether this claim is subject to dismissal to its merits review of the remaining grounds.

### 3. Griffith Must Decide How to Proceed

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. Rose v. Lundy, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. Id. Grounds 1, 4, 5, 6, and 7 are unexhausted. Griffith, therefore, has these options: (1) he may submit a sworn declaration voluntarily abandoning the unexhausted claims and proceed only on the exhausted claims; (2) he may return to state court to try to exhaust his unexhausted claims, in which case his federal habeas petition

11

will be denied without prejudice; or (3) he may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 1535 (2005). If Griffith wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust several claims in state court and presents argument regarding the question of whether or not the claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Griffith to reply. Or Griffith may file a declaration voluntarily abandoning the unexhausted claims, as described above. Griffith's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss **(ECF No. 11) is GRANTED in part and DENIED in part**: Grounds 11, 12, 13, 14, 15, and 16 are DISMISSED as untimely. Ground 2(a) is DISMISSED as duplicative and untimely. Grounds 1, 4, 5, 6, and 7 are UNEXHAUSTED.

**IT IS FURTHER ORDERED** that Griffith has 30 days from the date of this order to inform the Court which one of the following three options he chooses: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted claims and proceed on the exhausted grounds; OR (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If

Griffith fails to complete one of these options by this Court-ordered deadline, his petition will be dismissed. If Griffith chooses to file a motion for a stay and abeyance or seek other appropriate relief, respondents may respond according to Local Rule 7-2.

**IT IS FURTHER ORDERED** that if Griffith elects to abandon his unexhausted claims, respondents will have 30 days from the date Griffith serves his declaration of abandonment in which to file an answer to Griffith's remaining grounds for relief. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. Griffith will then have 30 days from the date of service of respondents' answer to file a reply.

**DATED:** March 30, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**