**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JASON O. GRIFFITH,<br><br>       Petitioner,<br><br>    v.<br><br>BRIAN WILLIAMS, *et al.*,<br><br>       Respondents. | Case No. 2:23-cv-00853-RFB-BNW<br><br>**ORDER** |

This habeas matter is before the Court on *pro se* Petitioner Jason O. Griffith's Motion to Stay Case (ECF No. 32). Respondents have filed their Opposition and Griffith replied. See ECF Nos. 33, 34. For the reasons discussed below, the Court grants Griffith's Motion.

The Court also reconsiders its January 8, 2025, Order (ECF No. 29) denying appointment of counsel. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980). Here, Griffith sets forth over a dozen grounds for relief in his petition, including several claims of ineffective assistance of counsel, and he is currently serving a lengthy sentence. See generally ECF Nos. 8, 32. As a result, the Court finds appointment of counsel is necessary to ensure due process.

**I.      Background**

Griffith challenges a 2014 judgment of conviction for second-degree murder. See ECF No.

8. Respondents moved to dismiss Griffith's petition as untimely. See ECF No. 11. The Court found Grounds 11-16 did not relate back to a timely petition and were, therefore, untimely. In addition to dismissing Ground 2(a) as duplicative, the Court found Grounds 1, 4, 5, 6, and 7 are unexhausted. See ECF No. 31. Griffith now requests a stay of his federal habeas case because he intends to return to state court to present his unexhausted claims and demonstrate actual innocence. See ECF No. 32.

**II.      Discussion**

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. Rhines v. Weber, 544 U.S. 269, 273–75 (2005); Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in Rhines"). Under the Rhines test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing Rhines, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the Rhines "good cause" standard does not require "extraordinary circumstances." Wooten, 540 F.3d at 1024 (citing Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024 (citing Jackson, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Wooten, 540 F.3d at 1024 (citing Rhines, 544 U.S. at 276–77).

The Court finds that Griffith has established good cause exists for his failure to exhaust in state court. Griffith also establishes that "at least one of his unexhausted claims is not 'plainly

meritless.'" <u>Dixon</u>, 847 F.3d at 722. The Court further finds that Griffith has not engaged in intentionally dilatory litigation tactics. Accordingly, the Court grants Griffith's motion.

### III.    Conclusion

**IT IS THEREFORE ORDERED** that Petitioner Jason O. Griffith's Motion to Stay Case (ECF No. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending exhaustion of the unexhausted claims in the amended petition.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon Petitioner filing, if the same is not already pending, a state post-conviction petition or other appropriate proceeding in state district court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this action until such time as the Court grants a motion to reopen the matter.

**IT IS FURTHER ORDERED** that the Court will reset the briefing schedule upon reopening the case and lifting the stay.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner.

**IT IS FURTHER ORDERED** that the Clerk electronically serve the FPD a copy of this order, together with a copy of the amended petition for writ of habeas corpus. ECF No. 8. The FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

**DATED:** February 10, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 3 -